```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA,

           Plaintiff,

vs.                                    Case No.  2:05-cv-280-FtM-29DNF

THOMAS A. LEBEAU,

           Defendant.
_____

## **OPINION AND ORDER**

     This matter comes before the Court on the government's Motion for Summary Judgment (Doc. #13), filed on March 18, 2006.  On April 10, 2006, the Court directed defendant to file a response within 10 days.  No response has been filed and the time to do so has now expired.

     This is an action by the plaintiff United States against defendant for recovery of a debt owed to plaintiff by defendant. The Complaint alleges that the principal amount of $120,719.64, with accrued interest in the amount of $163.70 as of July 23, 2004, accruing at a rate of 4.125 percent per annum thereafter, is due and owing.  (See Complaint, Doc. #1).  Defendant, by and through counsel, filed an Answer (Doc. #7) on October 14, 2005, generally denying the allegations in the Complaint.  The government now seeks summary judgment based on the Consolidation Promissory Note and Certificate of Indebtedness arguing that no genuine issue of fact exists.

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id.

The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Rice-Lamar v. City of Ft. Lauderdale, Fla., 232 F.3d 836, 840 (11th Cir. 2000), cert. denied, 534 U.S. 815 (2001). In order to avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999).

The Certificate of Indebtedness (Doc. #1, Ex. A), signed under penalty of perjury by Barry M. Blum, Chief, Referral Control

Section of the Debt Management Branch in the Department of Health and Human Services, indicates that defendant did remit 20 payments to the lender in the amount of $21,395.29 before the debt became delinquent; that the total debt to the United States of America as of July 23, 2004, is $120.883.34; and that interest continues to accrue at a rate of $13.64 a day adjusting quarterly.  The Court finds no genuine issues of fact exist as to the loan obligations, the amount of the loan obligations, or the delinquency.  As a result, the Court finds that the government is entitled summary judgment.

Accordingly, it is now

**ORDERED**:

1. The government's Motion for Summary Judgment (Doc. #13) is **GRANTED**.

2. The Clerk shall enter judgment in favor of plaintiff and against defendant in the amount of $120,719.64, with accrued interest in the amount of $163.70 as of July 23, 2004, accruing at a rate of 4.125 percent per annum thereafter until entry of the this judgment and until paid in full.

3. The Clerk is directed to mail counsel for plaintiff two copies of this Order and of the Judgment entered herein, one of each of which shall be certified, and close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of May, 2006.

JOHN E. STEELE
United States District Judge